FILED
2021 Jan-25  AM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL



**PREPARED FOR: JULIE PEARCE**



County: **01**     Case Number: **CV-2020-903275.00**     Court Action:

Style: **JOSHUA MILLER V. WAL-MART STORES EAST LP**

Real Time

### Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 9/19/2020 | 2:31 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 9/19/2020 | 2:31 AM | ASSJ | ASSIGNED TO JUDGE: BRENDETTE BROWN GREEN   (AV01) | AJA |
| 9/19/2020 | 2:31 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 9/19/2020 | 2:31 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 9/19/2020 | 2:31 AM | FILE | FILED THIS DATE: 09/19/2020          (AV01) | AJA |
| 9/19/2020 | 2:31 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 9/19/2020 | 2:31 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 9/19/2020 | 2:32 AM | C001 | C001 PARTY ADDED: MILLER JOSHUA          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | C001 | LISTED AS ATTORNEY FOR C001: JONES ALBERT  (AV02) | AJA |
| 9/19/2020 | 2:32 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | D001 | D001 PARTY ADDED: WAL-MART CLAIMS SERVICES, INC. | AJA |
| 9/19/2020 | 2:32 AM | D001 | CERTIFIED MAI ISSUED: 09/19/2020 TO D001   (AV02) | AJA |
| 9/19/2020 | 2:32 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 9/19/2020 | 2:32 AM | ECOMP | COMPLAINT E-FILED. | JON141 |
| 9/21/2020 | 9:10 AM | ESCAN | SCAN - FILED 9/21/2020 - NOTICE | SHB |
| 9/29/2020 | 8:44 AM | D001 | SERVICE OF AUTHORIZED ON 09/23/2020 FOR D001(AV02) | SHB |
| 9/29/2020 | 8:45 AM | ESERC | SERVICE RETURN | SHB |
| 10/23/2020 | 4:09 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | PEA032 |
| 10/23/2020 | 4:10 PM | D001 | LISTED AS ATTORNEY FOR D001: PEARCE JULIE ELIZABE | AJA |
| 10/23/2020 | 4:10 PM | D001 | ANSWER OF COMP DENIED ON 10/23/2020 FOR D001(AV02) | AJA |
| 10/23/2020 | 4:10 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | PEA032 |
| 10/23/2020 | 4:13 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | PEA032 |
| 10/23/2020 | 4:21 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | MAR223 |
| 10/23/2020 | 4:21 PM | D001 | LISTED AS ATTORNEY FOR D001: MARABLE MICHAEL JASO | AJA |
| 11/5/2020 | 3:41 PM | EMOT | D001-OTHER - JOINT MOTION TO DISMISS AND TO SUBSTITUTE PARTY DEFENDANT FILED. | PEA032 |
| 11/5/2020 | 3:42 PM | EPORD | PROPOSED ORDER SUBMITTED | PEA032 |
| 11/5/2020 | 3:58 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | MAR223 |
| 11/5/2020 | 4:20 PM | EMOT | D001-OTHER /DOCKETED | SHB |
| 12/24/2020 | 1:11 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | JON141 |
| 12/30/2020 | 7:19 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | JON141 |
| 1/5/2021 | 12:52 PM | JEORDE | ORDER GENERATED FOR OTHER - JOINT MOTION TO DISMISS AND TO SUBSTITUTE PARTY DEFENDANT - RENDERED & ENTERED: 1/5/2021 12:52:45 PM - ORDER | |
| 1/5/2021 | 2:56 PM | D001 | D001 NAME CHANGED FROM: WAL-MART CLAIMS SERVICES, | DES |
| 1/5/2021 | 2:56 PM | STYL | JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC. | DES |

 **END OF THE REPORT**

 CT Corporation

**Service of Process Transmittal**
09/23/2020
CT Log Number 538290283

TO:   Kim Lundy Service Of Process
      Walmart Inc.
      702 SW 8TH ST
      BENTONVILLE, AR 72716-6209

RE:   **Process Served in Alabama**

FOR:  Walmart Claims Services, Inc.  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MILLER JOSHUA, Pltf. vs. WAL-MART, CLAIMS SERVICES, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Plaintiff's First Set |
| **COURT/AGENCY:** | Jefferson County Circuit Court, AL<br>Case # 01CV2020*0327500 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 03/21/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/23/2020 postmarked on 09/21/2020 |
| **JURISDICTION SERVED :** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and complaint |
| **ATTORNEY(S) / SENDER(S):** | Al Jones<br>The Law Offices of Attorney Al Jones & Associates, P.C.<br>2626 7th Street<br>Tuscaloosa, AL 35401<br>(205)345-0806 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/23/2020, Expected Purge Date: 09/28/2020<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**JACQUELINE ANDERSON SMITH, CLERK**
CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION-ROOM 400
716 RICHARD ARRINGTON JR. BLVD NORTH
BIRMINGHAM, ALABAMA 35203

7020 0090 0000 7632 6437

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 35203 **$ 007.20⁰**
02 4W
0000374811 SEP 21 2020





**AlaFile E-Notice**

01-CV-2020-903275.00

To: WAL-MART CLAIMS SERVICES, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following complaint was FILED on 9/19/2020 2:34:05 AM

Notice Date:     9/19/2020 2:34:05 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-903275.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.

**NOTICE TO:** WAL-MART CLAIMS SERVICES, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), **ALBERT JONES**

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2626 7th Street, TUSCALOOSA, AL 35401

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSHUA MILLER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 09/19/2020 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       **/s/ ALBERT JONES**

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
9/19/2020 2:32 AM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca: 01<br><br>Date of Filing:<br>09/19/2020    Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSHUA MILLER v. WAL-MART CLAIMS SERVICES, INC.

**First Plaintiff:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:**  ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| JON141 | 9/19/2020 2:32:11 AM<br>Date | /s/ ALBERT JONES<br>Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

ELECTRONICALLY FILED
9/19/2020 2:32 AM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JOSHUA MILLER,** | & |
| **Plaintiff,** | & |
| | & |
| **v.** | & |
| | & |
| **WAL-MART, CLAIMS SERVICES, INC.** | & |
| and Fictitious, Defendants, | & |
| A-X, being those unknown | & |
| individuals, persons, firms, Corporations or | & |
| other entities, whose wrongful conduct caused or | & |
| contributed to the Plaintiff's injuries and | & |
| damages, and whose true names and legal | & |
| identities are presently unknown to the Plaintiff, | & |
| but will be substituted by amendment when, | & |
| ascertained, | & |
| **Defendant(s).** | & |

**CASE NO.: CV-2020 _____**

## COMPLAINT

### STATEMENT OF JURISDICTION

This is a cause of action based on negligence. The amount in controversy does not exceed the jurisdictional limits of this Court. The injury complained of occurred in Jefferson County, Alabama, and the Defendants, resided in Jefferson County, Alabama at the time of the accident, making venue proper in this court.

### STATEMENT OF THE PARTIES

1. Plaintiff, Joshua Miller is an individual over the age of nineteen (19) years

[1]

and a resident of Tuscaloosa County, Alabama.

2. Defendant, Wal-Mart, Claims Services, Inc, is corporation that does business sufficiently in the stream of commerce of Jefferson County, Alabama, more specifically at 209 Lakeshore Parkway, Homewood, AL 35209, and is considered a resident citizen of Jefferson County, Alabama for jurisdictional and venue purposes.

3. Fictitious Defendants A-X, are those unknown individuals, firms, corporations or other entities, whose wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and legal entities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained.

4. The complained of slip-n-fall accident occurred on Jefferson County, Alabama.

## COUNT ONE

### (Negligence)

1. On the 21st day of March, 2019, while shopping as a patron, Plaintiff, Joshua Miller, was caused to fall and become injured because of a wet and unmarked floor and Defendants and Fictitious Defendants A-X, did so negligently and/or wantonly by failing to keep the normal walking pathway free of slippery and wet substances, more specifically wet and liquid soap and failing to warn the general public of such failure to keep walking pathway free of slippery and wet substance more specifically wet and liquid soap.

2. Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X had a duty to exercise reasonable care to avoid injury to Plaintiff and failed to do so.

3. Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X had a duty to be alert, attentive and vigilant and failed to do so.

4. Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X breached those duties by failing to exercise the care required to avoid injury to the Plaintiff.

[2]

5. As a proximate consequence of the negligence and/or wantonness of, Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, the Plaintiff, Joshua Miller, was injured and damaged as hereafter set forth:

      (a) He sustained trauma or injury to his neck, back and arms;

      (b) He sustained multiple contusions;

      (c) He has been caused to incur expenses for doctor bills and other expenses in his effort to treat the injuries sustained;

      (d) He was caused to suffer physical pain and mental anguish and will be caused to in the future to suffer the same;

      (e) He has been caused to be permanently injured. He was caused to be unable to pursue many of his normal activities and has suffered a loss of enjoyment of life.

      (f) He was caused to lose wages.

## COUNT TWO

### (Wantonness)

6. Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and affect as if fully set forth herein.

7. Defendant, Wal-Mart Claims Services, Inc. and Fictitious Defendants A-X, had a duty to exercise reasonable care to avoid having Plaintiff slip and injure himself.

8. Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, also had a duty to be alert, attentive and vigilant and failed to do so.

9. Defendant, Wal-Mart, Claims Services, Inc., and Fictitious Defendants A-X, breached these duties by failing to exercise the care required to avoid injury to the Plaintiff.

10. Wal-Mart, Claims Services, Inc.. and Fictitious Defendants A-X, negligence proximately

[3]

caused the injuries suffered by Plaintiff, Joshua Miller, including but not limited to, physical injuries, incurred necessary and reasonable medical expenses, pain and suffering, mental anguish, loss wages and other damages.

11. Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, negligence proximately caused the immediate and permanent damage to Plaintiff's property, more specifically, to Plaintiff's clothing.

## DAMAGES

A. COMPENSATORY: Jurisdictional Limit.
B. PUNITIVE DAMAGES: All reasonable damages thought to be allowed for punitive purposes.
C. INJUNCTIVE RELIEF: Any injunction that is necessary to cause Defendants' conduct to be reasonable and within the laws of the State of Alabama in the future.
D. OTHER RELIEF: All other relief the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands trial by struck jury.

Dated this the 19th day of September, 2020.

/S/ *Al Jones* (JON141)

Attorney at Law

OF COUNSEL:

The Law Offices of Attorney Al Jones
& Associates, P.C.
2626 7th Street
Tuscaloosa, AL 35401
Phone: (205) 345-0806
Email: Albiejonz@gmail.com

[4]

ELECTRONICALLY FILED
9/19/2020 2:32 AM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| JOSHUA MILLER, | & | |
| Plaintiff, | & | |
| | & | |
| v. | & | **CASE NO.: CV-2020 _____** |
| | & | |
| WAL-MART, CLAIMS SERVICES, INC. | & | |
| and Fictitious, Defendants, | & | |
| A-X, being those unknown | & | |
| individuals, persons, firms, Corporations or | & | |
| other entities, whose wrongful conduct caused or | & | |
| contributed to the Plaintiff's injuries and | & | |
| damages, and whose true names and legal | & | |
| identities are presently unknown to the Plaintiff, | & | |
| but will be substituted by amendment when, | & | |
| ascertained, | & | |
| Defendant(s). | & | |

### PLAINTIFF'S FIRST SET OF PROPOUNDED DISCOVERY TO DEFENDANT

COMES NOW the Plaintiff and pursuant to Rules 33, 34 and 36 of the Alabama Rules of Procedure presents the following to the Defendant for answers and production as follows:

### INTERROGATORIES AND REQUEST FOR DOCUMENTS

1. Other than the incident that is the subject of this lawsuit, have any other slip and/or fall incidents occurred at the location of this accident within the last past 8 years? If so, please provide the date, parties' names, nature of the incident, and lawsuit information (if any) regarding each such incident.

2. Please identify any insurance policies that might cover losses stemming from this incident and produce a copy of such insurance policie(s).

3. Please provide the full name, title, address and phone number of each employee present in the building or general area at the time of this incident.

4. Do you have knowledge of any photographs, videos, sketches, or diagrams regarding this incident? If so, please list the type of item and the current location and/or custodian.

5. Please maintain such items of photographs, videos, sketches, or diagrams as evidence and consider this **notice against** any spoilage of such evident and the Defendant's duty to protect against such spoilage.

6. Please identify any warning, caution, "wet floor", or other relevant signs that were displayed in the area where the incident occurred, including their verbiage, size and exact location.

7. Please identify the following regarding the floor surface where the incident occurred; date of installation of flooring, type of flooring material and name of installing party for such flooring.

8. Please list the names of all witnesses to the incident or who have knowledge of the events leading up to the incident and give a brief description of the witnesses and their testifying statements.

9. On the date of the incident, was there a system or routine in place, of any kind, where the floor or walking surface of the controverted incident occurred, of inspecting maintaining, and/or cleaning? If so, please state:

   a) A description of such system or routine;

   b) The name, address and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where the incident occurred as of the date of this incident;

   c) The name, title, address and particular duties of each person responsible for the general supervision of the operation of such system or routine as of the date of this incident;

   d) The date on which such system or routine went into effect;

   e) Whether or not such system or routine is presently in effect;

10. As of the date of this incident, did the Defendant hire any other individual or entity to assist with the maintenance or care of the area where this incident occurred? If so, please state:

    a) The name and address of each individual or entity;

    b) Describe generally the functions and/or duties of each individual or entity;

    c) Whether any agreement existed between the named Defendant and any individual or entity, if so, please provide a copy of such agreement if in writing or provide the terms of such if not in writing.

11. After this incident, was the floor and/or walking area and/or floor covering over the area where this incident occurred repaired and/or replaced and/or altered in any manner? If so, pleas state:

    a) A description of the nature of each repair and/or replacement and/or alteration;

    b) The name, title and address of each person, department, company and/or agency who repaired and/or replaced and/or altered such floor and/or walking area and/or floor covering over the area where this incident occurred;

    c) The reason for such repair, replacement and/or alteration;

    d) Whether such action was taken as a result of or following a complaint and or other notification

12. On the date of this incident, was there any inspection made of the area where the incident occurred prior to the time of this incident? If so, please state:

    a) The name, address, occupation and employer of each person making such inspection;

    b) The date and time of such inspection was made;

    c) Whether there is a written log or other documentation referencing each such inspection;

    d) The name, address, occupation and employer of each person having present custody of any written log or other documents referencing each such inspection.

13. If there was an incident report made concerning this incident, please provide a copy of such.

14. Please provide copies of any investigation concerning this incident.

15. Please provide copies of all financial records (to include federal tax returns, profit loss statements or any other financial documentations) of the Defendant for the years of 2014 through 2019.

16. Please provide the name and addresses of all parties that own an interest in the Defendant's business.

## ADMISSIONS

1. Admit that the floor was wet.

2. Admit that there was no "wet floor or caution warning signs up in the controverted area.

3. Admit that the Plaintiff was not warned of such danger of falling on the wet floor on the date of this incident.

Dated this the 19th day of September, 2020.

/S/ *Al Jones* (JON141)

Attorney at Law

## CERTIFICATE OF SERVICE

I certify that the forgoing discovery was served upon the Defendant by electronic filing as allowed by the Administrative Office of the Courts of Alabama and the Circuit Court of Jefferson County, Alabama.

OF COUNSEL:

The Law Offices of Attorney Al Jones

& Associates, P.C.

2626 7th Street

Tuscaloosa, AL 35401

Phone: (205) 345-0806

Email: Albiejonz@gmail.com

September 19, 2020 3:48:59 AM EDT          12054097739          370          11          Received

To: Teresa Bailey - Claims Case 2:21-cv-00111-GMB Document 1-1 Filed 01/22/21 Page 16 of 46 12054097739 From: Albert .

# FAX COVER SHEET

| | |
|---|---|
| TO | Teresa Bailey - Claims |
| COMPANY | Wal-Mart Claims Services, Inc. |
| FAX NUMBER | 18772190742 |
| FROM | Albert . |
| DATE | 2020-09-19 07:42:24 GMT |
| RE | File # 8762843; Joshua Miller |

## COVER MESSAGE

Please find a courtesy copy of the filed complaint.



AlaFile E-Notice

01-CV-2020-903275.00

To: ALBERT JONES
Albiejonz@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following complaint was FILED on 9/19/2020 2:34:05 AM

Notice Date:     9/19/2020 2:34:05 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
9/19/2020 2:32 AM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01<br>Date of Filing:            Judge Code:<br>09/19/2020 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSHUA MILLER v. WAL-MART CLAIMS SERVICES, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| JON141 | 9/19/2020 2:32:11 AM | /s/ ALBERT JONES |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

9/19/2020

ELECTRONICALLY FILED
9/19/2020 2:32 AM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOSHUA MILLER,** | & | |
| **Plaintiff,** | & | |
| | & | |
| v. | & | **CASE NO.: CV-2020 _____** |
| | & | |
| **WAL-MART, CLAIMS SERVICES, INC.** | & | |
| and **Fictitious, Defendants,** | & | |
| **A-X, being those unknown** | & | |
| **individuals, persons, firms, Corporations or** | & | |
| **other entities, whose wrongful conduct caused or** | & | |
| **contributed to the Plaintiff's injuries and** | & | |
| **damages, and whose true names and legal** | & | |
| **identities are presently unknown to the Plaintiff,** | & | |
| **but will be substituted by amendment when,** | & | |
| **ascertained,** | & | |
| **Defendant(s).** | & | |

## COMPLAINT

## STATEMENT OF JURISDICTION

This is a cause of action based on negligence. The amount in controversy does not exceed the jurisdictional limits of this Court. The injury complained of occurred in Jefferson County, Alabama, and the Defendants, resided in Jefferson County, Alabama at the time of the accident, making venue proper in this court.

## STATEMENT OF THE PARTIES

1. Plaintiff, Joshua Miller is an individual over the age of nineteen (19) years

[1]

5. As a proximate consequence of the negligence and/or wantonness of, Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, the Plaintiff, Joshua Miller, was injured and damaged as hereafter set forth:

> (a) He sustained trauma or injury to his neck, back and arms;
>
> (b) He sustained multiple contusions;
>
> (c) He has been caused to incur expenses for doctor bills and other expenses in his effort to treat the injuries sustained;
>
> (d) He was caused to suffer physical pain and mental anguish and will be caused to in the future to suffer the same;
>
> (e) He has been caused to be permanently injured. He was caused to be unable to pursue many of his normal activities and has suffered a loss of enjoyment of life.
>
> (f) He was caused to lose wages.

## COUNT TWO

### (Wantonness)

6. Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and affect as if fully set forth herein.

7. Defendant, Wal-Mart Claims Services, Inc. and Fictitious Defendants A-X, had a duty to exercise reasonable care to avoid having Plaintiff slip and injure himself.

8. Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, also had a duty to be alert, attentive and vigilant and failed to do so.

9. Defendant, Wal-Mart, Claims Services, Inc., and Fictitious Defendants A-X, breached these duties by failing to exercise the care required to avoid injury to the Plaintiff.

10. Wal-Mart, Claims Services, Inc.. and Fictitious Defendants A-X, negligence proximately

[3]

and a resident of Tuscaloosa County, Alabama.

2.   Defendant, Wal-Mart, Claims Services, Inc, is corporation that does business sufficiently

in the stream of commerce of Jefferson County, Alabama, more specifically at 209 Lakeshore
Parkway, Homewood, AL 35209, and is considered a resident citizen of Jefferson County,
Alabama for jurisdictional and venue purposes.

3.   Fictitious Defendants A-X, are those unknown individuals, firms, corporations or other

entities, whose wrongful conduct caused or contributed to the Plaintiff's injuries and damages,
and whose true names and legal entities are presently unknown to the Plaintiff but will be
substituted by amendment when ascertained.

4.   The complained of slip-n-fall accident occurred on Jefferson County, Alabama.

## COUNT ONE

### (Negligence)

1.   On the 21st day of March, 2019, while shopping as a patron, Plaintiff, Joshua Miller,

was caused to fall and become injured because of a wet and unmarked floor and Defendants and
Fictitious Defendants A-X, did so negligently and/or wantonly by failing to keep the normal
walking pathway free of slippery and wet substances, more specifically wet and liquid soap and
failing to warn the general public of such failure to keep walking pathway free of slippery and
wet substance more specifically wet and liquid soap.

2.   Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X had a duty to

exercise reasonable care to avoid injury to Plaintiff and failed to do so.

3.   Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X had a duty to

be alert, attentive and vigilant and failed to do so.

4.   Defendant, Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X breached

those duties by failing to exercise the care required to avoid injury to the Plaintiff.

[2]

caused the injuries suffered by Plaintiff, Joshua Miller, including but not limited to, physical injuries, incurred necessary and reasonable medical expenses, pain and suffering, mental anguish, loss wages and other damages.

11. Wal-Mart, Claims Services, Inc. and Fictitious Defendants A-X, negligence proximately caused the immediate and permanent damage to Plaintiff's property, more specifically, to Plaintiff's clothing.

## DAMAGES

A. COMPENSATORY: Jurisdictional Limit.
B. PUNITIVE DAMAGES: All reasonable damages thought to be allowed for punitive purposes.
C. INJUNCTIVE RELIEF: Any injunction that is necessary to cause Defendants' conduct to be reasonable and within the laws of the State of Alabama in the future.
D. OTHER RELIEF: All other relief the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands trial by struck jury.

Dated this the **19th** day of **September, 2020**.

/S/ *Al Jones* (JON141)

Attorney at Law

OF COUNSEL:

The Law Offices of Attorney Al Jones

& Associates, P.C.

2626 7th Street

Tuscaloosa, AL 35401

Phone: (205) 345-0806

Email: Albiejonz@gmail.com

[4]



AlaFile E-Notice

01-CV-2020-903275.00

To:  JULIE DAVIS PEARCE
     jpearce@gghblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following NOTICE OF APPEARANCE was FILED on 10/23/2020 4:11:53 PM

Notice Date:     10/23/2020 4:11:53 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
10/23/2020 4:09 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JOSHUA MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-903275** |
| | ) |
| **WAL-MART, CLAIMS SERVICES,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF APPEARANCE

COME NOW the undersigned, Julie D. Pearce of Gaines Gault Hendrix P.C., and respectfully enters her name as counsel of record for Wal-Mart Stores East, LP, incorrectly designated in Plaintiff's Complaint as "Wal-Mart, Claims Services, Inc."

This the 23rd day of October, 2020.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard
Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 23rd day of October, 2020.

Al Jones
The Law Offices of Attorney Al Jones
& Associates, P.C.
2626 7th Street
Tuscaloosa, Alabama 35401

/s/ Julie D. Pearce
OF COUNSEL



AlaFile E-Notice

01-CV-2020-903275.00

To:  JULIE DAVIS PEARCE
     jpearce@gghblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following answer was FILED on 10/23/2020 4:12:44 PM

Notice Date:     10/23/2020 4:12:44 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
10/23/2020 4:10 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JOSHUA MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-903275** |
| | ) |
| **WAL-MART, CLAIMS SERVICES,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### ANSWER FOR WAL-MART STORES EAST, LP

COMES NOW, Wal-Mart Stores East, LP, incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Claims Services, Inc.", and in response to the Plaintiff's Complaint, states as follows:

### STATEMENT OF JURISDICTION

Upon information and belief, this is a negligence-based cause of action. Defendant is without sufficient information at this time as to the amount in controversy or whether the damages claimed in this case are appropriate for the judicial requirements of this Court; therefore, these allegations are denied, and Defendant demands strict proof thereof. Defendant did do business in Jefferson County, Alabama at the time of this incident.

### STATEMENT OF THE PARTIES

1.      Defendant is without sufficient information as to the truth or falsity of the allegations contained in this paragraph; therefore, these allegations are denied, and Defendant demands strict proof thereof.

2.      Defendant admits that Wal-Mart Stores East, LP does business in Jefferson County and is subject to jurisdiction in Jefferson County; however, Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

3.      This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

4.      Defendant admits that the injuries complained of in Plaintiff's Complaint are alleged to have occurred in Jefferson County, Alabama.

## COUNT ONE
### (Negligence)

1.      Denied. Defendant demands strict proof thereof.

2.      Defendant admits that it had a duty to exercise reasonable care to maintain the premises, but denies that it failed to do so.

3.      This paragraph does not accurately state or describe duties attributed to Defendant; therefore, as worded, these allegations are denied, and Defendant demands strict proof thereof.

4.      Denied. Defendant demands strict proof thereof.

5.      Denied. Defendant demands strict proof thereof.

## COUNT TWO
### (Wantonness)

6.      This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

7.      Defendant admits that it had a duty to exercise reasonable care but denies that it failed to do so.

8.      This paragraph does not accurately state or describe duties attributed to Defendant; therefore, as worded, these allegations are denied, and Defendant demands strict proof thereof.

9.      Denied. Defendant demands strict proof thereof.

10.      Denied. Defendant demands strict proof thereof.

11.      Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and is therefore due to be dismissed.

### SECOND DEFENSE

Defendant denies each and every averment of the Complaint not specifically admitted herein.

### THIRD DEFENSE

Defendant denies that it was guilty of negligence as alleged in the Complaint and further denies that any conduct or omission on its part proximately caused or contributed to the injures and damages alleged in the Complaint.

### FOURTH DEFENSE

Defendant alleges that the incident complained of was proximately caused by an independent, intervening, or superseding act or omission, and not by any acts or omissions attributable to the Defendant.

### FIFTH DEFENSE

Defendant alleges that the Plaintiff is guilty of contributory negligence in connection with the claims asserted in the Complaint, which negligence proximately caused or contributed to the injuries and damages asserted in his Complaint.

## SIXTH DEFENSE

Defendant denies that it had actual or constructive notice of any dangerous or defective condition on its premises, if any, as alleged in the Complaint.

## SEVENTH DEFENSE

Defendant asserts that Plaintiff assumed the risk of the injuries and damages about which he complains.

## EIGHTH DEFENSE

Defendant denies breaching any duty owed to Plaintiff, if any.

## NINTH DEFENSE

Defendant asserts that to the extent any hazardous condition existed, it was or should have been open and obvious to Plaintiff.

## TENTH DEFENSE

Defendant avers Plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed in the Complaint and demands strict proof thereof.

## TWELFTH DEFENSE

To the extent that any hazard may have existed on the premises, Defendant properly warned of such.

## THIRTEENTH DEFENSE

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So. 2d 223 (Ala. 2000), to the extent Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be, reimbursed or paid, either in part or in full.

4

## FORTEENTH DEFENSE

Defendant denies that any conduct or admission attributable to it was wanton in nature.

## FIFTEENTH DEFENSE

Defendant denies that it was in any way negligent with regard to its hiring, training, or supervision of its employees.

## SIXTEENTH DEFENSE

Defendant denies that it is liable to the Plaintiff pursuant to the doctrines of *respondeat superior* or agency.

## SEVENTEENTH DEFENSE

With regard to any claims for punitive damages, to the extent they are made, Defendant pleads the following punitive damages defenses.

1.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a.     It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof, which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding such damages.

2.      Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such award; and

e.      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7.      A punitive damages award violates due process when it is "grossly excessive" in relation to the State's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

8.      This Defendant did not receive adequate notice of the magnitude of the sanction that the State may impose.   BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

9.      This Defendant's conduct was not sufficiently reprehensible to support an award of punitive damages. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

10.      Any award of punitive damages based on the amount of the Plaintiff's alleged compensatory damages would be excessive. BMW of North Am. v. Gore,  U.S.___, 116 S. Ct. 1589 (1996).

11.      This Defendant's conduct was not sufficiently egregious to justify a punitive sanction against it. BMW of North Am. v. Gore, U.S.___, 116 S. Ct. 1589 (1996).

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend its Answer as future discovery or investigation may indicate.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 23rd day of October, 2020.

Al Jones
The Law Offices of Attorney Al Jones
& Associates, P.C.
2626 7th Street
Tuscaloosa, Alabama 35401

/s/ Julie D. Pearce_____
OF COUNSEL



AlaFile E-Notice

01-CV-2020-903275.00

To:  MICHAEL JASON MARABLE
     mmarable@ggh-law.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following NOTICE OF APPEARANCE was FILED on 10/23/2020 4:23:21 PM

Notice Date:      10/23/2020 4:23:21 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
10/23/2020 4:21 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JOSHUA MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action Number CV-2020-903275** |
| | ) |
| **WAL-MART, CLAIMS SERVICES,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF APPEARANCE</u>

COME NOW the undersigned, Michael J. Marable of Gaines Gault Hendrix P.C., and respectfully enters his name as additional counsel of record for Wal-Mart Stores East, LP, incorrectly designated in Plaintiff's Complaint as "Wal-Mart, Claims Services, Inc."

This the 23rd day of October, 2020.


Respectfully Submitted,


*/s/ Michael J. Marable*
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

<u>OF COUNSEL:</u>
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard
Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 23rd day of October, 2020.

Al Jones
The Law Offices of Attorney Al Jones
& Associates, P.C.
2626 7th Street
Tuscaloosa, Alabama 35401

            */s/ Michael J. Marable*  
            OF COUNSEL



AlaFile E-Notice

01-CV-2020-903275.00

Judge: BRENDETTE BROWN GREEN

To:   JULIE DAVIS PEARCE
      jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following matter was FILED on 11/5/2020 3:40:50 PM

**D001 WAL-MART CLAIMS SERVICES, INC.**

JOINT MOTION TO DISMISS AND TO SUBSTITUTE PARTY DEFENDANT

[Filer: PEARCE JULIE ELIZABETH DA]

Notice Date:      11/5/2020 3:40:50 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
11/5/2020 3:41 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# STATE OF ALABAMA

**Revised 3/5/08**

**Unified Judicial System**

01-JEFFERSON

☐ District Court  ☑ Circuit Court

Cas

CV2

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WAL-MART CLAIMS SERVICES, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JULIE DAVIS PEARCE

361 Summit Blvd, Suite 200

BIRMINGHAM, AL 35243

*Attorney Bar No.:* PEA032

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Joint Motion to Dismiss and to Substitute Party Defendant |
| | pursuant to Rule  N/A          (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:

11/5/2020 3:40:48 PM

Signature of Attorney or Party
/s/ JULIE DAVIS PEARCE

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
11/5/2020 3:41 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JOSHUA MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Civil Action Number CV-2020-903275** |
| | ) |
| **WAL-MART, CLAIMS SERVICES,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### JOINT MOTION TO DISMISS AND TO SUBSTITUTE PARTY DEFENDANT

COME NOW counsel for the Plaintiff and counsel for Wal-Mart Stores East, LP and submit to the Court the following:

1.    "Wal-Mart Stores, Claims Services, Inc." has been named as a Defendant in the above referenced matter; however, "Wal-Mart Stores, Claims Services, Inc." is not a properly named legal entity.

2.    The proper party Defendant for this lawsuit is Wal-Mart Stores East, LP.

3.    The parties are in agreement to add Wal-Mart Stores East, LP to this case as a party Defendant and to dismiss the claims filed against "Wal-Mart Stores, Claims Services, Inc."

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request this Honorable Court to enter an order dismissing all claims filed against "Wal-Mart Stores, Claims Services, Inc." and substitute Wal-Mart Stores East, LP as the Defendant in this action.

Respectfully Submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard
Suite 200
Birmingham, Alabama 35243
205-980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com


and

/s/ Al Jones
Al Jones
Attorney for Plaintiff
Joshua Miller



**OF COUNSEL:**
The Law Offices of Attorney Al Jones
& Associates, P.C.
2626 7th Street
Tuscaloosa, Alabama 35401



AlaFile E-Notice

01-CV-2020-903275.00

Judge: BRENDETTE BROWN GREEN

To:   JULIE DAVIS PEARCE
      jpearce@gghblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

The following matter was FILED on 11/5/2020 3:42:16 PM

[Filer: ]

Notice Date:     11/5/2020 3:42:16 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

MILLER JOSHUA,                          )
Plaintiff,                              )
                                        )
V.                                      )   Case No.:        CV-2020-903275.00
                                        )
WAL-MART CLAIMS SERVICES, INC.,         )
Defendant.                              )

**ORDER SUBSTITUTING PARTY DEFENDANT**

The Court has considered the Joint Motion to Dismiss and to Substitute Party Defendant

filed by the parties. The Court agrees that it is appropriate to dismiss all claims against the entity

identified as "Wal-Mart Stores, Claims Services, Inc." and to substitute Wal-Mart Stores East,

LP as a party Defendant in place of Wal-Mart Stores, Claims Services, Inc.

Therefore, it is ORDERED, ADJUDGED and DECREED that all claims against "Wal-

Mart Stores, Claims Services, Inc." are hereby dismissed, and Wal-Mart Stores East, LP shall be

substituted as a party Defendant without need for further service of process.

**DONE this [To be filled by the Judge].**

                                        **/s/[To be filled by the Judge]**
                                        **CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2020-903275.00

Judge: BRENDETTE BROWN GREEN

To:  PEARCE JULIE ELIZABETH DA
     jpearce@gghblaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOSHUA MILLER V. WAL-MART CLAIMS SERVICES, INC.
01-CV-2020-903275.00

A court action was entered in the above case on 1/5/2021 12:55:10 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           BBG

Notice Date:     1/5/2021 12:55:10 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
1/5/2021 12:52 PM
01-CV-2020-903275.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| MILLER JOSHUA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:          CV-2020-903275.00 |
| | ) | |
| WAL-MART CLAIMS SERVICES, INC., | ) | |
| Defendant. | ) | |

**ORDER**

The Court has considered the Joint Motion to Dismiss and to Substitute Party Defendant filed by the parties. The Court agrees that it is appropriate to dismiss all claims against the entity identified as "Wal-Mart Stores, Claims Services, Inc." and to substitute Wal-Mart Stores East, LP as a party Defendant in place of Wal-Mart Stores, Claims Services, Inc.

Therefore, it is **ORDERED**, **ADJUDGED** and **DECREED** that all claims against "Wal-Mart Stores, Claims Services, Inc." are hereby dismissed, and Wal-Mart Stores East, LP shall be substituted as a party Defendant without need for further service of process.

**DONE and ORDERED this 5th day of January, 2021.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**